### 21430

Doris R. BROWN, Respondent, v. James BASS, Wayne Clyburn, and Linda Barr, Appellants.

(277 S. E. (2d) 480)

*Robert J. Sheheen, of Savage, Royall, Kinard, Sheheen & Byars,* Camden, *for appellants.*

*Michael E. Stegner, of Furman & Speedy,* Camden, *for respondent.*

April 20, 1981.

LITTLEJOHN, Justice:

This court must determine whether residential restrictive covenants were properly amended to allow a trailer to be placed upon a restricted lot. We affirm the order of the trial judge finding the attempted amendment invalid and ordering the trailer removed.

In 1979, defendants Wayne Clyburn and Linda Barr offered to purchase a restricted lot from defendant James Bass, the owner, if a trailer could be moved onto the lot. Bass thereafter approached other lot owners within the subdivision with a petition attempting to amend the restrictive covenants. Plaintiff Doris R. Brown, a lot owner, refused to sign the petition.

The purported amendment reads, in part, as follows:

"PETITION

Date Sept. 18, 1979

I, (WE), the undersigned property owners do hereby certify that I, (WE), have no objection to a mobile home being placed on the property of [defendants]. Our property line is less than 100 feet from said mobile home."

The petition is clearly inadequate on its face to amend the covenant prohibiting trailers. Nowhere does the petition purport to serve as an amendment to the subdivision restrictions; in fact, there is no reference whatsoever to the existence of any such restrictions. One lot owner testified that he signed the petition without knowledge that any covenants even applied to the land.

Under these circumstances, Brown was entitled to have the petition declared an ineffective amendment and to enforce the covenant forbidding trailers. Accordingly, the order of the lower court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.